IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In the Matter of ) | Case No. BK24-80679 |
| ) | |
| BRADLEY WILLIAM DOWNING, ) | |
| ) | Chapter 13 |
| Debtor, ) | |
| ) | |
| ──────────────────────── ) | ──────────────────────── |
| ) | |
| AMBER SCHULTZ, f/k/a ) | Adv. Pro. No. 24-8019 |
| AMBER R. DOWNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Order** |
| v. ) | |
| ) | |
| BRADLEY WILLIAM DOWNING, ) | |
| ) | |
| Defendant. ) | |

The plaintiff, Amber Schultz, filed this adversary proceeding against her former spouse, the debtor and defendant Bradley Downing, seeking to except from discharge the property settlement she was awarded in their divorce action. The defendant filed a motion for summary judgment, which the plaintiff did not resist. The plaintiff is represented by Christopher P. Wickham and the defendant by Jessie C. Polson. Judgment is entered in favor of the defendant because there is no claim to determine under 11 U.S.C. § 523(a)(15) and because the defendant is not a fiduciary under 11 U.S.C. § 523(a)(4).

**Findings of Fact**

The plaintiff and defendant were divorced under a decree entered in the District Court of Custer County, Nebraska, on July 27, 2023.[1] The decree is not in evidence. According to the complaint, the state court awarded the plaintiff a monetary judgment in the amount of $88,231. The judgment was a division of the marital estate. In entering the judgment, the state court determined the defendant, before the divorce was filed, disposed of marital assets and transferred marital assets to his girlfriend for less than fair market value. The state court considered the sale and transfers when dividing the marital estate.

The plaintiff also alleges the defendant avoided paying his creditors, including the plaintiff by titling in his girlfriend assets obtained after his divorce. The newly acquired assets and the dates of transfer are not identified. The plaintiff alleges, generically, the defendant's schedules include "material errors, omissions, and misstatements". The only

---

[1] Based upon the case number of the state court dissolution action, CI21-108, the divorce action was filed sometime in 2021.

item specifically identified as omitted is child support of $340 per month the defendant received from the plaintiff.

The debtor filed his Chapter 13 case on August 7, 2024. The deadline to object to discharge or dischargeability of a debt was November 9, 2025 (BK 24-80679, Doc. #4). The plaintiff filed her complaint on November 7, 2025 (BK 24-80679, Doc. #36). The plaintiff asserted in her complaint her judgment is excepted from discharge as fraud or defalcation under 11 U.S.C. § 523(a)(4) and as a debt to a former spouse incurred by the debtor in a divorce under 11 U.S.C. § 523(a)(15).[2] The plaintiff did not plead a claim for exception to discharge under 11 U.S.C. § 727.

## Conclusions of Law

The Bankruptcy Code is designed to give honest but unfortunate debtors a fresh start. *See McDermott v. Petersen (In re Petersen)*, 564 B.R. 636, 644 (Bankr. D. Minn. 2017). The fresh start is accomplished through the bankruptcy discharge. The plaintiff asserts her claim is excepted from discharge under 11 U.S.C. §§ 523(a)(4) and (a)(15). The plaintiff has the burden to prove her claims under § 523 by a preponderance of the evidence. *Willmar Elec. Servs. Corp. v. Dailey (In re Dailey)*, 592 B.R. 341, 349 (D. Neb. 2018). Exceptions to discharge are "narrowly construed against the creditor and liberally against the debtor, thus effectuating the fresh start policy of the Code." *Id.*

The defendant filed a motion for summary judgment. To prevail on a motion for summary judgment, the defendant must show there are no genuine issues of material fact and he is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "A principal purpose of the summary-judgment procedure 'is to isolate and dispose of factually unsupported claims or defenses,' with due regard being given to the rights of those opposing a claim or defense to demonstrate in the manner provided by Rule 56, prior to trial, that a claim or defense has no factual basis." *Bedford v. Doe*, 880 F.3d 993, 996–97 (8th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). To prevail on his motion, the defendant must produce evidence that negates an essential element of the plaintiff's case or by showing the plaintiff does not have sufficient evidence of an essential element of her case. *Id.*

The defendant offered no evidence to support his motion. He relies solely upon the pleadings, judgment on which a party may move under Rule 12(c). When ruling on a motion for judgment on the pleadings, a court must accept all factual allegations pled as true and must draw all reasonable inferences in favor of the non-moving party. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). As with summary judgment, "[j]udgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Id.* (citing *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006)).

The plaintiff first asserts a property settlement judgment is excepted from discharge under 11 U.S.C. § 523(a)(15). But there is no claim to adjudicate. Section § 523(a)(15) either applies, as in cases under Chapters 7, 11, and 12, or it does not apply, as in most cases under Chapter 13. *See* 11 U.S.C. § 523(a). The debtor's case is a Chapter 13 case. If

---

[2] In the parties' joint preliminary pretrial statement (Doc. #18), the plaintiff no longer asserts a claim under 11 U.S.C. § 523(a)(15). It is not clear whether she abandoned this claim.

the debtor completes all payments under his plan and obtains a discharge under 11 U.S.C. § 1328(a), any debt under 11 U.S.C. § 523(a)(15) is expressly discharged. *Id*. §§ 523(a); 1328(a). If the debtor does not complete all plan payments or obtains a hardship discharge under 11 U.S.C. § 1328(b), a claim under 11 U.S.C. § 523(a)(15) is expressly not discharged. *Id*. § 523(a). An adversary proceeding cannot change the application of the statue.

Likewise, the plaintiff has not stated a claim "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" under 11 U.S.C. § 523(a)(4).[3] To prove her claim, the plaintiff must establish "a debt, a fiduciary relationship, and a fraud or defalcation." *Bollinger v. Polk (In re Polk)*, 183 B.R. 1020, 1022 (Bankr. E.D. Mo. 1995). The defendant asserts a fiduciary relationship is lacking on the face of the pleadings. The plaintiff, in an earlier filing, asserted the marital relationship is a fiduciary one under Nebraska law. Even if accurate, the marital relationship standing alone is not sufficient to create the necessary fiduciary relationship under federal law.

> [W]hether a given relationship is a fiduciary relationship within the meaning of § 523(a)(4) is a question of federal law. "[T]he broad, general definition of fiduciary—a relationship involving confidence, trust and good faith—is inapplicable in the dischargeability context."
>
> The fiduciary relationship between the debtor and the creditor must arise from an express or technical trust. An express trust is one "created with the settlor's express intent, usu[ally] declared in writing." A technical trust is one imposed by statute or common law.

*Reshetar Sys., Inc. v. Thompson (In re Thompson)*, 458 B.R. 504, 508 (B.A.P. 8th Cir. 2011) (citations omitted).

The plaintiff's debt is a money judgment entered to equalize the division of marital property. It is a simple money judgment. It does not create a fiduciary relationship or trust. *Teichman v. Teichman (In re Teichman)*, 774 F.2d 1395, 1400 (9th Cir. 1985) ("[A]s a general rule the exception to discharge in 11 U.S.C. § 523(a)(4) should not apply in connection with a property settlement agreement and a divorce decree …. unless clearly intended by the parties at the time of the agreement to be fiduciary ones."); *Straub v. Straub (In re Straub)*, 192 B.R. 522, 526 (Bankr. D.N.D. 1996) (holding a property settlement was "in lieu of any other marital property and must be regarded as a debt" for which the debtor could not be "characterized as a fiduciary for its payment.").

Cases in the 8th Circuit finding a fiduciary relationship in a divorce context involve cases where the creditor spouse retained or was awarded "some equitable interest in the Debtor's property." *See Polk*, 183 B.R. at 1022; *see also Bush v. Taylor*, 912 F.2d 989 (8th Cir. 1990) (applying § 523(a)(4) where the non-debtor spouse was awarded half of the debtor's pension, which the debtor personally received and was required to remit as it was paid); *Metheney v. Metheney*, No. 4:19CV971 JCH, 2020 WL 4334943, at *3 (E.D.

---

[3] The plaintiff does not assert claims for embezzlement or larceny. She only asserts the defendant engaged in fraud.

Mo. July 28, 2020) (applying § 523(a)(4) where one spouse held title to stock proceeds as a constructive trustee for the other spouse).

The plaintiff also generically alleges fraudulent acts which might form the basis to object to discharge under 11 U.S.C. § 727. But the plaintiff very clearly asserted claims only under § 523. She did not seek relief under § 727.[4]

IT IS THEREFORE ORDERED, accepting the facts pled in the complaint as true, the plaintiff is not entitled to relief as a matter of law. Judgment is entered in favor of the defendant. The plaintiff's complaint is dismissed.

    Dated: March 11, 2025

        BY THE COURT:

        /s/ Brian S. Kruse
        Brian S. Kruse
        Bankruptcy Judge

---

[4] It is not entirely clear whether the plaintiff has a claim under § 727. The fraudulent transfers complained of occurred before the divorce was filed, in or before 2021, three or more years before the defendant filed his bankruptcy petition. The plaintiff does not plead with particularity any assets allegedly titled in the defendant's girlfriend after the divorce was finalized in 2023.

4